**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**BUFFALO DIVISION**

| | |
|---|---|
| Anna Benzin, individually and on behalf of all others similarly situated, | 1:22-cv-00747 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Nestlé Healthcare Nutrition, Inc., | |
| Defendant | Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1.      Nestlé Healthcare Nutrition, Inc. ("Defendant") manufactures, markets, and sells powdered drink mix represented as containing 13g of protein under the Carnation Breakfast Essentials brand ("Product").

2.      Protein is a macronutrient required by the human body to maintain muscles, organs, hair, tissues, skin and enzymes.

3.      Protein is critical to metabolism by increasing the body's metabolic rate.

4.      Protein facilitates weight management by helping to drive fat release and reduce fat storage.

5.      In 2014, more than half of consumers indicated they seek out foods that are high in protein, up from 39% in 2006.

6.      Almost 75% of consumers indicated they consumed foods and beverages high in protein in the past year.

7.      According to Nielsen, the market for protein products in the United States is $16 billion and growing rapidly.

8.    Though traditionally consumption of high levels of protein was associated with body builders and young men, consumer demand has made it part of foods for infants, pets, women and teens.

9.    Recent scientific and/or proprietary studies indicate that as age increases, so does the amount of protein needed to maintain stable bodily functions, which has caused increased demand in older generations, including senior citizens.

10.    The growing number of vegans, dieters, vigorous exercisers or athletes, and people who may be getting insufficient amounts, due to diet choices, increased activity levels or inability to absorb protein efficiently, has also contributed to the demand for products high in protein.

11.    The result has been significant growth in products promoting their protein content.

12.    Carnation Breakfast Essentials Nutritional Powder Drink Mix appeals to these consumers by promoting "13g Protein" on the front label.



13.    However, the much smaller print in the right corner reveals "13g Protein" is available

"Per Prepared Serving," above the smaller and all lower case statement of "just add milk."



14.     The apparent instruction to "just add milk" is inconsistent with the information in the purple call-out which states "3x vitamin D vs. milk."

15.     Consumers will not think they need to add milk given that the Product is comparing itself to milk.

16.     Only if consumers scrutinize the back of the package will they see the Product they bought has 5g of protein or 38% of the 13g promoted on the front label, revealed on the last line of the main box of the Nutrition Facts.



17.    This is shown by the two columns representing "Powder" and "As Prepared."

18.    However, no preparation instructions are provided on the back of the package so that consumers can obtain 13g of protein.

19.    This includes no instructions about how much milk to add, i.e., 4 oz, 6 oz, or 8 oz.

20.    Nor are there instructions about what kind of milk to add, such as nonfat, 2%, whole milk, almond milk, soy milk, or oat milk.

21.    Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

22.    As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $7.99 for a 12.6 oz. box containing 10 individual packets, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

Jurisdiction and Venue

23.    Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

24.    The aggregate amount in controversy exceeds $5 million, including statutory and punitive damages, exclusive of interest and costs.

25.    Plaintiff is a citizen of New York.

26.    Defendant is a Delaware corporation with a principal place of business in Bridgewater, New Jersey, Somerset County.

27.    The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

28.    The members of the class Plaintiff seeks to represent are more than 100, because the

Product has been sold at thousands of locations including grocery stores, warehouse club stores, drug stores, big box stores, and online, in the States covered by the classes Plaintiff seeks to represent.

29.    Venue is in this District and assignment is to the Buffalo Division, because a substantial part of the events or omissions giving rise to these claims occurred in Erie County, including Plaintiff's purchase, transactions, consumption and/or use of the Product and exposure to, awareness and/or experiences of and with the issues described here.

Parties

30.    Plaintiff Anna Benzin is a citizen of Buffalo, New York, Erie County.

31.    Defendant Nestlé Healthcare Nutrition, Inc. is a Delaware corporation with a principal place of business in Bridgewater, New Jersey, Somerset County.

32.    Defendant is the nutrition products subdivision of Nestle, S.A., the largest food company in the world.

33.    The Carnation brand is one of the oldest and most respected in the area of nutritional products in the world.

34.    Plaintiff is one of the many consumers who seek to consume more protein for the reasons indicated above.

35.    Plaintiff relies on the prominent front label statements to help her make quick purchasing decisions at the store.

36.    She saw "13g Protein" and figured the Product, as sold, contained this amount of protein.

37.    Plaintiff also read that the Product was a drink mix, but figured that whatever she mixed it with, such as water or milk, would not result in her getting less than 13g of protein.

38.    Plaintiff purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, at stores including Wegmans, 370 Orchard Park Rd, West Seneca, NY 14224, between August 2022 and September 2022, and/or among other times.

39.    Plaintiff relied on the words, terms coloring, descriptions, layout, placement, packaging, tags, and/or images on the Product, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

40.    Plaintiff bought the Product at or exceeding the above-referenced price.

41.    Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes and/or components.

42.    Plaintiff paid more for the Product than she would have paid absent the false and misleading statements and omissions.

<u>Class Allegations</u>

43.    Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** All persons in New York who purchased the Product during the statutes of limitations for each cause of action alleged; and

> **Consumer Fraud Multi-State Class**: All persons in the States of Utah, Wyoming, Arkansas, North Carolina, and Alabama who purchased the Product during the statutes of limitations for each cause of action alleged.

44.    Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

45.    Plaintiff's claims and basis for relief are typical to other members because all were

subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

46.    Plaintiff is an adequate representative because her interests do not conflict with other members.

47.    No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

48.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

49.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

<u>New York General Business Law ("GBL") §§ 349 and 350</u>

50.    Plaintiff incorporates by reference all preceding paragraphs.

51.    Plaintiff read and relied on the labeling indicated above and believed the Product as sold contained 13g of protein, and was misled because this was false.

52.    Plaintiff paid more than she would have paid had she known this fact.

<u>Violation of State Consumer Fraud Acts</u>
<u>(Consumer Fraud Multi-State Class)</u>

53.    The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

54.    The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

55.    The Product was manufactured, identified, marketed, and sold by Defendant and

expressly and impliedly warranted to Plaintiff that the Product as sold contained 13g of protein.

56.    Defendant directly marketed the Product to Plaintiff through its advertisements and

marketing, through various forms of media, on the packaging, in print circulars, direct mail,

product descriptions distributed to resellers, and targeted digital advertising.

57.    Defendant knew the product attributes that potential customers like Plaintiff were

seeking and developed its marketing and labeling to directly meet those needs and desires.

58.    Defendant's representations about the Product were conveyed in writing and

promised it would be defect-free, and Plaintiff understood this meant that the Product as sold

contained 13g of protein, and was misled because this was false.

59.    Defendant's representations affirmed and promised that the Product as sold

contained 13g of protein.

60.    Defendant described the Product so Plaintiff believed that the Product as sold

contained 13g of protein, which became part of the basis of the bargain that it would conform to

its affirmations and promises.

61.    Defendant had a duty to disclose and/or provide non-deceptive descriptions of the

Product.

62.    This duty is based on Defendant's outsized role in the market for this type of Product,

custodian of the Carnation brand of nutritional products.

63.    Plaintiff recently became aware of Defendant's breach of the Product's warranties.

64.    Plaintiff provides or will provide notice to Defendant, its agents, representatives,

retailers, and their employees that it breached the Product's express and implied warranties.

65.    Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, non-profit organizations, competitors, and/or consumers, to its main offices, and by consumers through online forums.

66.    The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

67.    The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container or label, because it was marketed as if the Product as sold contained 13g of protein.

68.    The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected that the Product as sold contained 13g of protein.

## Fraud

69.    Defendant misrepresented and/or omitted the attributes and qualities of the Product, that the Product as sold contained 13g of protein.

70.    Defendant was aware of the studies and reports showing that consumers are increasingly seeking foods with protein content, and used this information – some of it proprietary – to market it to consumers like Plaintiff.

## Unjust Enrichment

71.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary, statutory and/or punitive damages, restitution, and interest;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated:   October 1, 2022

                             Respectfully submitted,

                             /s/Spencer Sheehan
                             Sheehan & Associates, P.C.
                             60 Cuttermill Rd Ste 412
                             Great Neck NY 11021
                             (516) 268-7080
                             spencer@spencersheehan.com

                             Law Office of James Chung
                             James Chung
                             43-22 216th St
                             Bayside NY 11361
                             Tel: (718) 461-8808
                             jchung_77@msn.com